JOHN W. HUBER, United States Attorney (#7226)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 1:20cr26 HCN |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| vs. | |
| TIMOTHY JAMES HALLOWS, | Judge Howard C. Nielson, Jr. |
| Defendant. | |

The United States of America, by and through Carol A. Dain, Assistant United States Attorney, submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for the defendant, Timothy James Hallows ("Hallows"), and urges this Court to impose a sentence at the low end of the guideline range as set forth in the Presentence Report (PSR) prepared by the United States Probation Office with credit for time served.

The United States briefly addresses the Court with respect to the 13 month downward departure requested by Hallows.  The United States opposes any further downward departure or variance below the 46 month low end of the guideline range because the United States asserts the Federal Bureau of Prisons ("BOP") will credit Hollows for the time he has spent in custody.

Hallows was arrested by local authorities on October 16, 2019. He appeared in federal court on May 15, 2020 and elected to remain in federal custody. The Davis County district attorney's office dismissed their case on June 29, 2020, case # 191702021.

The Court need only recommend to the BOP that Hallows receive credit for time served and the United States, after consulting the United States Probation Office and 18 U.S.C. § 3585(b), believes Hallows will be credited the entirety of his incarceration.

Section 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The determination of a sentence credit is a matter left to the BOP under 18 U.S.C. § 3585(b). *See United States v. Simpson*, 525 Fed. App'x, 733, 735 (10th Cir. 2013)(unpublished). Section 3585(b) allows a federal defendant to be given credit toward his federal term of imprisonment only if that time "has not been credited against another sentence." § 3585(b)(2). Applying § 3585(b), the BOP should credit Hallows the entirety of his custody toward his federal sentence because there has been no credit applied to any other sentence.

If the Court were to follow Hallows' recommendation he will receive an *additional* benefit of 13 months off the low end of the guideline range and the United States urges this

Court to sentence Hallows to the low end of the guideline range with a recommendation for credit for time served.

      DATED this 18th day of November, 2020.

                                              JOHN W. HUBER
                                              United States Attorney

                                              /s/ Carol A. Dain
                                              CAROL A. DAIN
                                              Assistant United States Attorney